IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ZHENG WANG,

    Petitioner,

v.                                                                          Civ. No. 12-cv-871 JAP/RHS

LEE VAUGHN, Warden of Cibola
County Correctional Center, in his
official capacity,

    Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

    THIS MATTER comes before the Court upon Petitioner Zheng Wang's Motion Pursuant The Writ Of Habeas Corpus Of Title 28 U.S.C. 2241 By A Federal Inmate ("Motion"), filed August 10, 2012 (Doc. 1).  Petitioner challenges the loss of "good conduct credit" (Doc. 1 at 1).  The Government filed an Answer and Motion to Dismiss on August 25, 2012 (Doc. 6).  Petitioner has not filed a Reply or any response to the Motion to Dismiss.  The Court, having reviewed the Motion, and Response, and applicable law concludes that Petitioner's Motion should be denied.

## FACTS AND PROCEDURAL HISTORY

    Petitioner is in federal custody at Cibola Detention Facility located in Milan, New Mexico (Doc. 1 at 1, Doc. 9 at 2).  On January 19, 2012, correctional officers observed a fight between Petitioner and another inmate, Xu Gong (Doc. 2 at 9).  Petitioner was charged with "Fighting with another person" in violation of Code 201 (Doc. 1 at 18).  A disciplinary hearing was conducted on February 3, 2012 by Discipline Hearing Officer Mullennix ("DHO Mullennix") (Doc. 1 at 17-20).  DHO Mullennix determined that Petitioner violated Code 201 because he "participated in the fight" and DHO Mullennix imposed punishment.  Id.  Petitioner received the following punishment: loss of 30 days good conduct credit, 30 days of disciplinary

segregation, loss of 60 days of commissary privileges and loss of 60 days of telephone privileges.  Id.  The disciplinary segregation was suspended.  Id.

On March 5, 2012, Petitioner filed a Regional Administrative Remedy Appeal (Doc. 1 at 14).  The Appeals Board considered Petitioner's claim and the record and denied the appeal on April 9, 2012.  Id. at 16.   The Board based its decision on review of the DHO's finding that there was sufficient evidence that Petitioner committed the violation.  Id. at 16.  The Appeals Board further decided that the punishment imposed was reasonable.  Id.  Petitioner filed a Central Office Administrative Appeal on April 15, 2012 (Doc. 1 at 13).  The response deadline for the Appeal was extended (Doc. 1 at 12).  No other information regarding the status of the Central Office Administrative Appeal was provided to the Court.

On August 10, 2012, Petitioner filed his Motion for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) asserting that the sanction imposed resulting in the loss of his good conduct credit was arbitrary and capricious.  This matter was referred to the undersigned on August 16, 2012 to recommend an ultimate disposition of the case (Doc. 3).  Respondent filed an Answer and Motion to Dismiss on August 25, 2012 (Doc. 6) arguing that the finding of responsibility and sanctions imposed were reasonable and supported by evidence.

## LEGAL STANDARD AND ANALYSIS

"[A] habeas corpus proceeding challenges the legality of the petitioner's custody, 28 U.S.C. § 2241(c)(3), the challenge can be mounted even if the petitioner is not seeking immediate release from custody, provided he can show that but for the alleged denial of due process he would be released at an earlier date than is now scheduled." Jackson v. Carlson, 707 F.2d 943, 946 (7th Cir. 1983) (citing Preiser v. Rodriguez, 411 U.S. 475, 487-88, 93 S.Ct. 1827, 1835, 36 L.Ed.2d 439 (1973).  If a Petitioner can "show that his due process rights were violated

in the subject disciplinary proceedings, then § 2241 would be the appropriate remedy to use to restore his good time credits." Brown v. Smith, 828 F.2d 1493, 1495 (10th Cir. 1987) (citing Jackson, 707 F.2d at 946). The Tenth Circuit "has indicated that the connection between a disciplinary decision and the length of a prisoner's sentence may be sufficient to establish a liberty interest when the prisoner establishes that the decision was the only factor that lengthened the sentence." Wilson v. Jones, 430 F.3d 1113, 1120 (10th Cir. 2005) (citing Reed v. McKune, 298 F.3d 946, 954 (10th Cir. 2002)). In Wilson v. Jones, the Court articulates "[t]he requirement that disciplinary convictions that mandatorily affect time served be supported by some evidence, which is a minimal but nonetheless important standard." Id at 1124. The Supreme Court has held that "the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits." Superintendent, Mass. Corr. Institution v. Hill, 472 U.S. 445, 455-56 (1985).

  Here, Petitioner argues that the decision to revoke his good conduct credits was arbitrary and capricious (Doc. 1). While he does not dispute that there was a fight, Petitioner contends that he did not start the fight but was only defending himself (Doc. 1 at 5). Petitioner argues that the DHO failed to consider his account of the altercation wherein Petitioner claims that he was attacked and should not be punished because he was not a willing participant (Doc. 1 at 2). Petitioner further claims that correctional officers failed to protect him because they failed to prevent the attack. Id. at 2.

  The Government asserts that who started the fight is irrelevant, the fact that he "participated in the fight" in and of itself is the prohibited conduct and therefore is a violation subject to punishment (Doc. 6 at 6). The DHO Report (Doc. 1 at 17) identifies specific evidence that DHO Mullinnex relied on to make his decision. The DHO Report contains detailed findings

based on evidence of the incident, including witness testimony, the reporting officer's incident report, and photographs from the security system.  Id.   Finally, the DHO Report, VI. Sanction or Action Taken, specifically states that violation of Code 201 gives rise to Petitioner's punishment, loss of good conduct credit.  Id. at 19.

Tenth Circuit case law requires that some evidence must support the decision of the prison disciplinary board.  Wilson v. Jones, 430 F.3d at 1124.  The Court has reviewed the DHO Report and the arguments of the parties.  The Court finds that the decision of the DHO was supported by substantial evidence and meets the standard required to revoke Petitioner' good conduct credit.  The Court therefore recommends dismissal of Petitioner's § 2241 Motion.

## **RECOMMENDED DISPOSITION**

The Court concludes that Petitioner is not entitled to any relief with respect to the claims raised in his § 2241 motion.  Therefore, the Court recommends that Petitioner's Motion (Doc. 1) be DENIED and that this civil proceeding be DISMISSED WITH PREJUDICE in its entirety.

Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant 28 U.S.C. § 636(b)(1), file written objections to these proposed findings and recommended disposition.  A party must file any objections with the clerk of the district court within the fourteen (14) day period allowed if that party would like to have appellate review of the proposed findings and recommendations.  If objections are not filed, appellate review will not be allowed.

_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE